Gladys ISENHART, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–1184.

United States Court of Veterans Appeals.

Submitted April 29, 1992.

Decided Sept. 3, 1992.

Gladys Isenhart, pro se.

James A. Endicott, Jr., Gen. Counsel,
Barry M. Tapp, Asst. Gen. Counsel, An-
drew J. Mullen, Deputy Asst. Gen. Counsel,
Washington, D.C., and Leonard J. Selfon,
Silver Spring, Md., were on the pleadings
for appellee.

Before KRAMER, FARLEY, and
STEINBERG, Associate Judges.

FARLEY, Associate Judge:

In its decision of April 22, 1991, the
Board of Veterans' Appeals (Board or
BVA) denied appellant's claim for an earli-
er effective date for death pension benefits.
The BVA decision will be reversed and the
matter remanded for further proceedings
because the BVA failed to apply the correct
and controlling statutory law.

I.

On December 8, 1986, appellant's spouse,
veteran William F. Isenhart, died of respi-
ratory and renal failure due to metastatic
lung cancer. R. at 4. On January 29,
1987, appellant submitted VA Form 21–534,
APPLICATION FOR DEPENDENCY AND INDEMNITY
COMPENSATION OR DEATH PENSION BY A SURVIV-
ING SPOUSE OR CHILD (INCLUDING ACCRUED BEN-
EFITS AND DEATH COMPENSATION, WHERE APPLI-
CABLE). R. at 5–8. Part III of the form,
which requests information concerning chil-
dren, was blank. R. at 6. Parts IV, V, VI,
and VII, which deal respectively with net
worth, annual income, expenses, and mis-
cellaneous information, were also left blank
except for a large "X" across the page. R.
at 6–8. In a rating decision dated March
24, 1987, the rating board denied appel-
lant's claim for service connection of the
cause of her husband's death. R. at 9.
Appellant was advised of the denial of her
claim for dependency and indemnity com-
pensation (DIC) by a letter dated April 8,
1987, which stated, in toto, as follows: "We
cannot grant your claim for death benefits.
The evidence does not establish that the
veteran's death was due to a service-con-
nected disability." R. at 10.

The record on appeal indicates that ap-
pellant submitted two separate copies of
VA Form 21–4138, STATEMENT IN SUPPORT OF
CLAIM, dated January 18, 1989. R. at 11–12.
In the first, appellant stated: "I applied for
survivor benefits right after [my husband]

died but was advised by [an] unknown [Department of Veterans Affairs (VA)] representative that I had to wait two years because of my husband's G.I. insurance." R. at 11. In the second form, appellant stated that she was the spouse of her husband and had not represented herself to be the spouse of another. R. at 12. In addition, appellant submitted another VA Form 21–534, which was also dated January 18, 1989. R. at 13–16. Unlike the VA Form 21–534 filed in 1987, Parts IV, V, VI, and VII of the January 1989 form were filled out. By letter dated August 4, 1989, appellant was advised that her claim for death pension had been approved with an effective date of February 1, 1989. R. at 22.

In September 1989, appellant filed a STATEMENT IN SUPPORT OF CLAIM, contending: "Since I qualify now I should have qualified in 1987 so it is my contention that my benefits should have started in April 1987 and I should receive back pay to that date. My first application was made at a [VA Regional Office] in New Mexico." R. at 24. The VA treated this as a Notice of Disagreement and prepared a Statement of the Case (R. at 30–32) which advised:

> Your original claim was for Dependency and Indemnity Compensation only, based upon your claim that the veteran's death was due to military service. Your application of January 26, 1989, was for non-service-connected pension benefits based upon income and need. Had this claim been filed by April 7, 1988, within one year of your notification that your claim was disallowed for DIC[,] we would have been able to pay death pension benefits from the earlier date of claim. However, your current claim was almost two years from your original claim for benefits, and benefits may not be paid prior to the date of receipt.

R. at 32. Appellant, who represented herself before the Board, argued that "the VA not only denied my claim but in effect dismissed me, saying only that I was ineligible for D.I.C. In that case [the] VA should have approved the death pension." R. at 36. Appellant then went on to "quote for the record from Title 38, USC, Chap. 51, Applications, Claims and Forms. 3001.(b)(1):

'A claim by a widow for compensation or dependency and indemnity compensation shall also be considered to be a claim for death pension and accrued benefits.'" R. at 36.

In its decision of April 22, 1991, the Board denied appellant's claim to an earlier effective date. In so doing, the Board did not discuss appellant's statutory argument but stated instead:

> The appellant argues that when her claim for dependency and indemnity compensation was denied, the VA should have considered whether she was entitled to death pension benefits. However, it is the responsibility of each recipient of VA benefits to read and follow the instructions which apply to claims filed.

> In this case, the evidence of record does not show that the appellant reported her income or net worth at the time she submitted her original claim for death benefits. Significantly, as noted in [38 C.F.R. § 3.155], the benefits sought must be identified. The instructions to the form she completed in January 1987 clearly describe the kind of information she needed to furnish for consideration for entitlement to death pension benefits. Such information included her income and net worth.

> Therefore, the agency of original jurisdiction properly considered that she only intended in January 1987 to apply for dependency and indemnity compensation benefits, which is a claim not based upon income being within certain limits.

*Gladys Isenhart*, BVA 91–___, at 5 (Apr. 22, 1991).

A timely Notice of Appeal was filed on July 15, 1991. The pro se appellant filed her brief on December 16, 1991. On January 13, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. Appellant did not respond.

## II.

The resolution of this appeal is dictated by two statutory provisions, 38 U.S.C.

§§ 5101(b)(1) and 5103(a) (formerly §§ 3001, 3003). The former provides as follows:

> (b)(1) A claim by a surviving spouse or child for compensation or [DIC] shall also be considered to be a claim for death pension and accrued benefits, and a claim by a surviving spouse or child for death pension shall be considered to be a claim for death compensation (or [DIC]) and accrued benefits.

The latter provides:

> (a) If a claimant's application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application.

Regulations promulgated by the Secretary are consistent with these statutory obligations. *See* 38 C.F.R. §§ 3.152(b)(1) (a claim for DIC "will also be considered to be a claim for death pension"); 3.109(a) ("If a claimant's application is incomplete, the claimant will be notified of the evidence necessary to complete the application").

The language of these two statutory provisions (and the two regulations) is clear and unambiguous; there is neither need for interpretation nor reason for misinterpretation. Pursuant to 38 U.S.C. § 5101(b)(1) (1991), a claim for DIC "*shall also be* considered to be a claim for death pension" (emphasis added). The statute does not give the Secretary an option; nor does it permit the Secretary to delve into the intent of the claimant; nor does it allow a claimant to make an election. As a matter of law, a claim for DIC shall be considered as a claim for a pension and a claim for a pension shall be considered a claim for DIC.

Under 38 U.S.C. § 5103(a), the Secretary is obligated to notify a claimant if an application for benefits is not complete. If the claimant fails to submit the evidence necessary to complete the application within one year of such notification, the Secretary is then, but only then, permitted to refrain from awarding benefits.

## III.

■ Appellant, who has represented herself throughout the appellate process, has presented a simple, consistent, and compelling argument to both the BVA and this Court: "[W]hen the V.A. denied my application for compensation, it should have informed me that I was eligible for a death pension. In fact, it has a duty to do so but did not." Br. of Appellant at 6. Neither the BVA in its decision nor the Secretary in his motion for summary affirmance countered appellant's argument. The BVA, instead, decided that "the agency of original jurisdiction properly considered that [appellant] only intended in January 1987 to apply for" DIC. *Isenhart*, BVA 91-____, at 5. Similarly, before this Court the Secretary focused on the question of appellant's intent, making only a passing, non-specific, "arguable" reference to appellant's statutory argument:

> It might very well be arguable (although the point need not be decided here and is not conceded) that the [agency of original jurisdiction (AOJ)] should contact a claimant who files a VA Form 21–354 seeking service-connected death benefits and *leaving blank* the sections of the form requiring information as to income, etc., for determination of entitlement to non-service-connected death benefits, to ascertain that claimant's intent regarding the latter benefits. Where, as here, however, the claimant clearly crossed out the pension sections of the form before filing it, there would appear to be no reasonable interpretation of that action other than for the AOJ to infer that no pension claim was intended or made.

Mot. of Appellee at 10.

■ By attempting to divine the intent of the claimant and then urging that such "intent" is determinative, the BVA and the Secretary have failed to apply controlling statutory law. Pursuant to 38 U.S.C. § 5101(b)(1), appellant's VA Form 21–534 constituted a claim for DIC *and* a claim for pension; irrespective of her intent, the Sec-

retary was obligated to consider and to adjudicate both claims. Since the VA Form 21–534 submitted by appellant was incomplete relative to the claim for a pension, the Secretary was obligated to "notify the claimant of the evidence necessary to complete the application." 38 U.S.C. § 5103(a). The statutorily-required notice was never sent to appellant.

The Secretary's argument in his brief that this appeal should be controlled by 38 C.F.R. § 3.155 is misplaced and misguided. That regulation provides that any communication from or on behalf of a veteran evincing an intent to apply for an identified benefit may be considered an informal claim. However, that informal claim regulation has no bearing upon 38 U.S.C. § 5101(b)(1), which establishes that a claim for DIC is a formal claim for pension. In any event, even if 38 C.F.R. § 3.155(a) were applicable to this case and if the Form 21–534 were considered an informal claim for VA pension, the Secretary's failure to comply with the requirement that "an application form will be forwarded to the claimant for execution" (38 C.F.R. § 3.155(a)) would compel the same result. *See Quarles v. Derwinski*, 3 Vet.App. 129, 137, (1992) (VA failure to send claim application after informal claim is filed prevents initiation of the one-year period for the filing of a formal claim).

## IV.

By operation of law, appellant submitted a claim for VA pension on January 29, 1987. Her claim has yet to be adjudicated, and the Secretary has yet to advise appellant of the "evidence necessary to complete the application." 38 U.S.C. § 5103(a) (1991); 38 C.F.R. § 3.109(a) (1991). That appellant submitted another VA Form 21–534 in January 1989 and the fact that her claim for a pension was granted with an effective date of February 1, 1989, does not vitiate her original claim which remains pending. Accordingly, because the BVA decision of April 22, 1991, was "not in accordance with law" (38 U.S.C. § 7261(a)(3)(A) (1991)), the decision is REVERSED and the matter is remanded for

further proceedings consistent with this opinion. The Secretary shall notify the claimant of the evidence necessary to complete the application for VA pension for the period preceding the February 1, 1989, effective date of the current award. *See* 38 C.F.R. § 3.400(c)(3)(ii) (1991).

*It is so Ordered.*