Furman B. STEWART, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–622.

United States Court of Veterans Appeals.

Jan. 10, 1997.

Gregory A. Morton, Greenville, was on the brief, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Barbara J. Finsness, Washington, DC, were on the brief, for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

On October 15, 1996, the Court issued an opinion regarding entitlement to an earlier effective date for service connection for post-traumatic stress disorder (PTSD). *Stewart v. Brown*, No. 94–622 (Oct. 15, 1996). On November 18, 1996, the appellant filed a motion seeking reconsideration (Mot. for Recon.) by the panel or, in the alternative, review by the full Court.

The appellant's motion argues that the panel erred in two ways: (1) by holding that VA properly exercised its discretion in treating his claim as a claim for pension; and (2) by factually finding that the appellant was mentally competent at the time his claim was filed so that VA had no heightened duty to assist the appellant. Mot. for Recon. at 7–9. The appellant has asserted correctly that the Court made a factual error in finding that he was mentally competent at the time he filed his claim. Consequently, the Court will grant the motion for reconsideration in order to address the error. However, the Court holds that the factual determination does not

alter the result in the original opinion. Although the language in the following opinion is substantially similar to the language of the original opinion, the Court's added clarifications make it necessary to withdraw the original opinion issued on October 15, 1996, and substitute the following opinion in its place.

The appellant appeals a July 11, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an earlier effective date for service connection for post-traumatic stress disorder (PTSD). *Furman D. Stewart*, BVA 94–10722 (July 11, 1994). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the BVA's July 1994 decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from March 6, 1950, to March 6, 1953, and from November 30, 1955, to November 16, 1956. Record (R.) at 21–22, 41. His second discharge was under "other than honorable conditions." R. at 41, 64. Service medical records show no evidence of any nervous or psychiatric complaints. R. at 24–36, 60–62. He was denied service connection for pes planus (flat feet) in a rating decision issued on February 3, 1957. R. at 66.

On August 28, 1970, the appellant filed a Veteran's Application for Compensation or Pension, indicating that he suffered from a "nervous condition." R. at 70–73. In a decision dated September 25, 1970, the VA regional office (RO) granted the appellant entitlement to a non-service-connected pension for "psychosis with epilepsy" which was found to be 100% disabling. R. at 86. His pension was discontinued but later restored in June 1973, after VA found that there had been "clear and unmistakable error" committed in two prior rating decisions. R. at 112, 145, 149.

Fifteen years later, in December 1988, the appellant filed a claim for service connection for PTSD. R. at 156. In response, the RO mailed the appellant a letter requesting additional information in order to process the PTSD claim. On June 12, 1989, the appel-

lant underwent a psychiatric examination, during which the examining physician diagnosed him as having chronic "dysthymic disorder" (depression), a mixed personality disorder, and a seizure disorder. R. at 255–57. After reviewing the appellant's medical files, the examiner noted:

> At the present time he is claiming post traumatic stress disorder but the first document that I could find related to this was his statement dated January 26, 1989 to the VA. I could find no mention previously of symptoms relating to post traumatic stress disorder as such.

R. at 256. An addendum to the examiner's notes also mentioned that, during the appellant's prior hospitalization in June 1983, "[a]t no time were symptoms mentioned referable to post traumatic stress disorder." R. at 258.

The results from a second psychiatric examination in late June 1989 were also negative for a PTSD diagnosis. R. at 262–63. The physician noted that "[i]t seems quite likely that Mr. Stewart does have severe psychological problems but they are more of a neurotic and characterological characteristic than Post Traumatic Stress Disorder." R. at 263. Based upon the medical diagnoses made in the psychiatric examinations, the RO denied the appellant service connection for PTSD on August 10, 1989. R. at 271.

The appellant filed a Notice of Disagreement (NOD) on September 28, 1989. R. at 274. From November 6, 1989, to March 5, 1990, the appellant was hospitalized at a VA medical center and was finally diagnosed with PTSD. R. at 284–97. Another VA psychiatric examination, conducted on June 4, 1990, confirmed the PTSD diagnosis. R. at 308–09.

On July 13, 1990, the RO issued a rating decision granting the appellant entitlement to service connection for PTSD, rated 50% disabling, effective from December 28, 1988, the date of the appellant's "initial claim." R. at 312–13. On October 27, 1990, the appellant filed another NOD, this time contesting the 50% rating and the effective date, stating, "I had filed a claim in 1970, for this condition, even though I didn't know the name for this condition at that time." R. at 315.

Another rating decision was issued on December 18, 1990, which increased the rating to 100% effective from April 1, 1990. R. at 340. On January 22, 1991, the appellant was notified that his evaluation for PTSD had been increased to 100% effective from January 1, 1989. R. at 342. The appellant then filed a VA Form 1–9, Appeal to Board of Veterans' Appeals, dated February 7, 1991, appealing the January 1, 1989, effective date. R. at 346. The appellant claimed, "I believe that by filing for benefits due to a nervous condition many years earlier, I demonstrated an intent to file for compensation. I did not know the difference between comp[ensation] or pens[ion], only VA benefits for disability." *Ibid.* In the appeal he asked for an effective date of August 1970.

The BVA issued a decision on September 18, 1991, denying entitlement to an earlier effective date. R. at 361–65. The appellant filed an appeal to this Court which remanded the case to the BVA on July 31, 1995, with instructions to the Board to consider whether the appellant's 1970 claim had been a claim for disability compensation rather than pension. R. at 380.

On remand, the RO sought and obtained additional medical records which showed that the appellant had been diagnosed with a schizoid personality and psychosis with epilepsy in 1970 and 1972. R. at 430, 436, 439. The BVA, however, could find no diagnoses for PTSD in any of the medical records during that period. On October 28, 1993, the RO denied entitlement to an earlier effective date prior to December 28, 1988. R. at 442–45. The denial was confirmed by a BVA decision which is now on appeal before this Court. R. at 7–16.

## II. ANALYSIS

### A. Applicable Law

 The determination of an effective date for disability compensation is a finding of fact which the Court reviews under a "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Mindenhall v. Brown,* 7 Vet.App. 271, 275 (1994); *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Under the "clearly erroneous" standard of review, "if

there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 53. The Board must base its decisions on "all evidence and material of record," 38 U.S.C. § 7104(a), and must provide a "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record," 38 U.S.C. § 7104(d)(1). *See Douglas v. Derwinski*, 2 Vet.App. 435, 438–39 (1992) (en banc); *Gilbert*, 1 Vet.App. at 56–57. Pursuant to these statutory requirements, the Board must "account for the evidence which it finds to be persuasive or unpersuasive," and provide reasons or bases for rejecting evidence submitted by or on behalf of the claimant. *Gilbert*, 1 Vet.App. at 57.

■ Under the applicable statutes and regulations, an effective date for a grant of service connection is the date of receipt of the claim or the date the entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2)(1995). A claim of entitlement may be either formal or informal written communication *"requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit."* 38 C.F.R. § 3.1(p) (emphasis added). The benefit sought must be identified. 38 C.F.R. § 3.155(a). The Secretary is not automatically required to treat every compensation claim as also being a pension claim or vice versa. Section 3.151(a) provides:

> A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA (38 U.S.C. 5101(a)). A claim by a veteran for compensation *may* be considered a claim for pension; and a claim by a veteran for pension *may* be considered a claim for compensation. The greater benefit will be awarded, unless the claimant specifically elects the lesser benefit.

38 C.F.R. § 3.151(a) (emphasis added). Rather, the Secretary has to exercise his discretion under the regulation in accordance with the contents of the application and the evidence in support of it. *See Willis v. Brown*, 6 Vet.App. 433, 435 (1994)(the operative word "may," in the regulation, clearly indicates discretion).

### B. Application of Law to the Facts

■ In his appeal for an earlier effective date, the appellant argues that his August 1970 application should have been considered an application for disability compensation for PTSD rather than an application for pension. In making this argument, the appellant contends that the BVA ignored the mandatory language appearing in the third sentence of 38 C.F.R. § 3.151(a) when it evaluated his claim. Appellant's Brief (Br.) at 8. The appellant claims that since he did not specifically elect the lesser benefit (i.e. pension rather than disability compensation), his application should have been considered a claim for PTSD (i.e. "the greater benefit") under the mandatory language of the regulation.

The appellant cites the Court's decision in *Isenhart v. Derwinski*, 3 Vet.App. 177 (1992), to support his argument that the language of section 3.151(a) requires VA to award him disability compensation from an earlier effective date. Appellant's Br. at 10. The appellant's case, however, is distinguishable from *Isenhart* because that case involved the interpretation of an entirely different regulation than the one applying here. The *Isenhart* case involved the interpretation of 38 C.F.R. § 3.152(b)(2), a regulation relating to claims for death benefits, *not* disability compensation. In contrast to section 3.151(a), the language in section 3.152(b)(2) is not discretionary but mandatory: "A claim by a parent for compensation or dependency and indemnity compensation *will* also be considered to be a claim for accrued benefits." 38 C.F.R. § 3.152(b)(2) (emphasis added). This mandatory language is absent from section 3.151(a). The appellant's reliance upon the *Isenhart* decision is misplaced.

In prior decisions, the Court has remanded cases to the BVA because the Board failed to consider a veteran's claim for disability compensation as a claim for non-service-connected pension. *See, e.g., Kellar v. Brown*, 6 Vet.App. 157, 162 (1994); *Waddell v. Brown*, 5 Vet.App. 454, 457 (1993); *Ferraro v. Der-*

*winski*, 1 Vet.App. 326, 333 (1991). However, those decisions are distinguishable from this case. In *Kellar, Waddell,* and *Ferraro,* the record was replete with evidence showing that the veteran qualified for disability compensation. Based upon the evidence presented in those cases, VA was on notice that the appellant had a well-supported claim and might be eligible for both benefits, and therefore, the veteran was entitled to the statutory duty to assist under 38 U.S.C. § 5107(a). *See Kellar, Waddell, Ferraro,* all *supra.* In this particular case, however, the appellant applied first for non-service-connected pension, not disability compensation. Unlike the other cases, there was no evidence in, or submitted with, the application which VA could construe as a claim for the other benefit, here, service-connected disability compensation.

Upon review of the 1970 application, the BVA found no clear intent, on the part of the appellant, to request entitlement to service connection for PTSD. R. at 13–14. Portions of the application pertaining to the filing for compensation were left blank, and there was nothing appearing in the application that would suggest to VA that it was reviewing a claim for entitlement for service connection for PTSD. The application contains no statement by the appellant offering a link between his "nervous condition" and active service. In addition, after the remand, VA found no medical evidence that indicated a PTSD diagnosis prior to December 28, 1989. R. at 70–72. In summary, there was nothing in the August 1970 application which VA could construe as "evidencing a belief in entitlement" to compensation for PTSD. 38 C.F.R. § 3.1(p). Under the particular facts in this case, VA was not obligated to consider the appellant's claim for pension as one for disability compensation. *See, e.g., Kluttz v. Brown,* 7 Vet.App. 304, 308 (1994) (In an appeal for dependency and indemnity compensation benefits, the Court held that "had the appellant completed the application correctly ..., VA would have been on notice ... that she was eligible for reinstatement of death benefits. Under the circumstances, VA could not reasonably have done more."). Furthermore, even if the appellant had filed a compensation claim in 1970, VA could not

award an earlier effective date under the governing statutes and regulations, *see* 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2), because evidence necessary to award service connection, i.e., sufficient to support a factual finding of the presence of PTSD, was not in the record prior to December 1988, the effective date of the award of the appellant's service connection for PTSD.

The appellant also argues that, at the time of filing, he did not know the difference between compensation and pension. Appellant's Br. at 11. However, the record shows that he had previously sought, and had been denied, entitlement to service connection and compensation for flat feet in 1957 (R. at 66), thereby evidencing at least some understanding of the application process for entitlement for disability compensation. Appellant's counsel also argues, in the motion for reconsideration, that VA had a heightened duty to assist the appellant because he was mentally incompetent when he signed the 1970 application. Mot. for Recon. at 8–9. However, the appellant's mental capacity at the time of filing does not trigger a heightened duty to assist under statute or existing caselaw. *See* 38 U.S.C. § 5107(a); *Cf. Ussery v. Brown,* 8 Vet.App. 64, 68 (1995) (Board has a "heightened obligation" to explain its findings and conclusions in the case of previously lost records); *Gobber v. Derwinski,* 2 Vet.App. 470, 472 (1992) (duty to assist is heightened when the putative records are in control of a government agency); *Moore v. Derwinski,* 1 Vet.App. 401, 406 (1991) (duty to assist is heightened when veteran's records destroyed by fire). Accordingly, under the particular facts in this case, the appellant's argument that he is owed a heightened duty to assist is unsupported.

### III. CONCLUSION

The appellant's motion for reconsideration is granted. Based upon the evidence presented in the record, there is a plausible basis for the Board's decision not to grant the appellant an earlier effective date for service connected PTSD. Accordingly, the Court AFFIRMS the July 11, 1994, BVA decision. The original opinion, issued on Oc-

tober 15, 1996, is hereby withdrawn and this opinion is substituted in its place.