**34**

Cludie S. BLOUNT, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 97–947.

United States Court of Veterans Appeals.

Feb. 3, 1998.

Before NEBEKER, Chief Judge, and
STEINBERG and GREENE, Judges.

### ORDER

PER CURIAM:

The appellant, Cludie S. Blount, the 98-year-old widow of World War I veteran John A. Blount, appeals, through counsel, a February 20, 1997, decision of the Board of Veterans' Appeals (BVA or Board) that denied her claim for an effective date earlier than February 2, 1993, for an award of dependency and indemnity compensation (DIC) made in 1994 under 38 U.S.C. § 1318. Record (R.) at 7–8. The appellant filed a brief and a reply brief, and the Secretary filed a brief. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On August 11, 1997, in response to the appellant's motion, the Court ordered that proceedings in this appeal be expedited based on the appellant's advanced age and fragile health as certified by her physician. In a January 21, 1998, order, the Court granted the appellant's motion to supplement the record on appeal (ROA), and on January 27, 1998, the Court heard oral argument in the case. At the conclusion of oral argument, the parties agreed to submit (1) certain Department of Veterans Affairs (VA) records, if found within VA control, as supplements to the ROA and (2) additional briefing on one question raised by the appellant at

oral argument. For the reasons that follow, the Court, because of the need for extremely expeditious action in this case, issues this nondispositive order indicating its current inclination to dispose of the appeal in favor of the appellant.

## I. Background

The facts are undisputed. When the veteran died in November 1967, he had been receiving VA service-connected disability compensation at a 100% rate for over twenty years. R. at 26, 33. There is no evidence, and it is not contended by the appellant, that the cause of his death was related to his service-connected disabilities.

In December 1967, the appellant, as the veteran's surviving spouse, filed with a VA regional office (RO) a claim for VA service-connected DIC or non-service-connected death pension. R. at 36–39. In 1968, the VARO awarded death pension and denied DIC based on cause of death. R. at 48; Supplemental R. at 1. Thereafter, she apparently filed income Eligibility Verification Reports (EVRs) on a yearly basis (*see* R. at 53–54 (1985); 58–59 (1986); 62–63 (1987); 66–67 (1988); 70–71 (1989); 74–75 (1990); 79–80 (1992); 84–85 (1993)), *see* 38 C.F.R. §§ 3.256, 3.277 (1997), and VA periodically amended the amount of her monthly payment (*see* R. at 50 (January 1979 amendment); 77 (November 1991 amendment); 98 (November 1993 amendment)), *see* 38 C.F.R. § 3.273(b)(2) (1997).

On February 2, 1994, the RO received her statement in support of claim inquiring, inter alia, why she was not receiving DIC. R. at 87. Her statement was considered a claim (R. at 102), and a June 1994 VARO decision granted DIC under the provisions of 38 U.S.C. § 1318 because the veteran had been in receipt of a 100% service-connected rating for ten years immediately preceding his death. R. at 104–08. That DIC award was assigned an effective date of February 2, 1993—one year prior to the filing of the appellant's claim. R. at 105. She filed a timely Notice of Disagreement (R. at 129), and in her VA Form 9 (Substantive Appeal to BVA) she argued that the RO had "made a clear and unmistakable error [(CUE)] in not aiding me in changing my widow's non-ser-

vice[-]connected pension to DIC after the law was passed" in 1978 permitting an award of DIC to survivors where the veteran had been in receipt of a 100% disability rating for at least the 10 years immediately preceding death (R. at 137).

In the February 20, 1997, BVA decision here on appeal, the Board concluded that VA had no duty to notify the appellant of the change in DIC law in 1978 that would have permitted an award of DIC and that, inter alia, 38 U.S.C. § 5110(g) prevented the award of an effective date for the award of DIC, pursuant to liberalizing law, earlier than one year prior to the application therefor. R. at 4–8.

## II. Analysis

It is undisputed that the appellant would have been entitled to an award of section 1318 DIC effective October 1, 1978, if that matter were raised to VA for adjudication within one year after the effective date of the enactment of Pub.L. No. 95–479, § 204, 92 Stat. 1560, 1564 (1978) (presently codified at 38 U.S.C. § 1318) (providing for award of DIC "as if the veteran's death were service connected" where, inter alia, veteran's service-connected disability rated "totally disabling for a period of 10 or more years immediately preceding death"). *See id.* § 401, 92 Stat. at 1566 (effective date of Pub.L. No. 95–479 to be October 1, 1978); 38 U.S.C. § 5110(g) (where DIC awarded "pursuant to any Act . . ., the effective date of such award . . . shall not be earlier than the effective date of the Act. . . . In no event shall such award . . . be retroactive for more than one year from the date of application therefor"); *see generally Green (Doris) v. Brown,* 10 Vet.App. 111 (1997). The issues in the instant case have been articulated in several different ways, but the real question is whether there is any means by which the appellant is entitled to be awarded an effective date for an award of section 1318 DIC earlier than one year prior to her February 2, 1994 application. The appellant has articulated this claim principally as one of CUE in the 1979 RO action amending the amount of her non-service-connected death pension award and as a failure to notify her of the new law pursuant to the provisions of 38

U.S.C. § 241(2), (3) (1976) (the provisions of which are now codified at 38 U.S.C. § 7722(c), (d)).

■ After review of the ROA, the supplemental ROA, and the pleadings and oral arguments of the parties, the Court is inclined to hold as follows:

(1) That in 1978, after the enactment of Public Law 95–479, VA was obliged under 38 U.S.C. § 241(2) to inform her and all persons then in receipt of VA non-service-connected death pension of the availability of the new basis for DIC and that VA did not do so here, see 38 U.S.C. § 241(2) (1976) (presently codified at 38 U.S.C. § 7722(c)) (VA shall "distribute full information to ... eligible dependents regarding all benefits and services to which they may be entitled under laws administered by [VA]"); see also 38 U.S.C. § 240(b)(2) (presently codified at 38 U.S.C. § 7721(b)(2)) (defining "eligible dependent" as "eligible person" as defined in 38 U.S.C. § 1701(a)(1)(D) (presently codified at 38 U.S.C. § 3501(a)(1)(D)) (defining "eligible person" as including "the surviving spouse of a veteran who died while a disability so evaluated [as a "total disability permanent in nature resulting from a service-connected disability"] was in existence"));

(2) that, even if VA were not statutorily obligated to so inform her and others, VA's not doing so while at the same time informing similarly situated potential beneficiaries of new entitlements enacted in the same public law—for example, advising all veterans in receipt of disability compensation based on 30% through 49% disability of additional compensation for such veterans with dependents and advising DIC beneficiaries of new housebound benefits, see Pub.L. No. 95–479, §§ 102(b), 201(d), 92 Stat. at 1562, 1563; VA DVB Circular 21–78–10, Implementation of Public Law 95–479, ¶ 3.d.(4), (2) (Oct. 18, 1978)—as to which disparate treatment the Secretary's representative, when asked at oral argument, was unable to inform the Court of any basis, appears to be lacking a rational basis, see Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 253–54, 30 L.Ed.2d 225 (1971) ("A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'"); Grivois v. Brown, 6 Vet.App. 136, 140 (1994) ("while no [statutory] duty to assist arises absent a well-grounded claim, if the Secretary, as a matter of policy, volunteers assistance to establish well groundedness, grave questions of due process can arise if there is apparent disparate treatment between claimants in this regard");

(3) that the EVR submitted by the appellant in 1978—on the basis of which the RO issued on January 2, 1979, an amended award continuing her death pension benefits effective on January 1, 1978 (R. at 50)—was in the nature of an application for continued entitlement to VA death pension for calendar year 1978 (the appellant's failure to file that EVR within 60 days would have resulted in the suspension of pension payments, see 38 C.F.R. § 3.256(c), 3.277(c) (1997)), and as such constituted an application for death pension within the meaning of 38 U.S.C. § 5110(g);

(4) that such application for death pension necessarily included a claim for DIC and specifically for section 410(b) (now section 1318) DIC submitted within one year after the effective date of Public Law 95–479's new DIC-benefit provision, see VA DVB Circular 21–78–10, Implementation of Public Law 95–479, Change 1, p. 4 amendment to ¶ 11.d. (Nov. 14, 1978) ("In all cases in which service connection for cause of death is denied and the veteran had a totally disabling service[-]connected condition at the time of death the issue of entitlement under 38 U.S.C. § 410(b) must be considered"); see also 38 U.S.C. § 5101(b)(1) ("claim by surviving spouse ... for death pension shall be considered a claim for ... [DIC]" (emphasis added)); Isenhart v. Derwinski, 3 Vet.App. 177, 179–80 (1992) ("irrespective of [appellant's] intent, the Secretary was obligated to consider and to adjudicate both claims"); and

(5) that VA was, and is still, obligated to adjudicate that DIC claim, see Isenhart, 3 Vet.App. at 180 (pension claim necessarily

raised by DIC and unadjudicated by VA remained open); *see also* 38 U.S.C. § 417 (1978) (VA precluded from paying death pension to "person eligible for" DIC).

On consideration of the foregoing, it is

ORDERED that the Secretary, not later than 10 days after the date of this order, advise the Court whether he is inclined to provide the appellant with equitable relief under 38 U.S.C. § 503(a) to correct administrative error and, if so, the nature of such relief and a timetable for providing it. It is further

ORDERED that the parties are not relieved by this order of their obligations to file the supplemental pleadings and record materials ordered from the bench at the conclusion of oral argument.

STEINBERG, Judge, concurring:

I would hope that the Secretary, upon review of the inclination expressed by the Court in points (1) and (2) of the order, would take steps now to notify all VA death pension recipients of the availability of DIC pursuant to 38 U.S.C. § 1318.