Citation Nr: 1443648 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-48 022 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to an effective date earlier than November 3, 2008, for the award of nonservice-connected pension benefits. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

S. Syverson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1971 to June 1972. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin. Jurisdiction is with the Indianapolis, Indiana VA Regional Office (RO). 

In September 2010, the Veteran testified at a hearing before a Decision Review Officer (DRO) at the RO. A transcript of this hearing is associated with the claims file. This claim was previously remanded by the Board to provide the Veteran with his requested hearing before the Board; however, the Veteran's representative subsequently withdrew the hearing request on the Veteran's behalf. See 38 C.F.R. § 20.704 (2013). 

The Veteran has filed requests for exclusion of his children's income and for a new fiduciary. These matters are referred to the Agency of Original Jurisdiction for appropriate action. 38 C.F.R. § 19.9(b) (2013). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. A claim that VA considers to be for pension benefits, as well as compensation benefits, was received on January 31, 2008. 

2. The Veteran did not file a claim for a retroactive award within one year from the date on which he became permanently disabled and the evidence does not establish that his disability was so incapacitating that it prevented him from filing a disability pension claim for at least the first 30 days immediately following the date on which he became permanently and totally disabled. 

3. There is no communication of record prior to January 31, 2008, that can be construed as a formal or informal claim for VA nonservice-connected pension benefits. 


CONCLUSION OF LAW

With resolution of reasonable doubt in the Veteran's favor, an effective date of January 31, 2008, but no earlier, is warranted for the award of nonservice-connected pension benefits. 38 U.S.C.A. §§ 5101, 5107, 5110 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.151, 3.155, 3.157, 3.400 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See, e.g., 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013). The Pension Management Center provided the required notice in a letter sent to the Veteran in August 2009. Although the August 2009 letter did not address how disability ratings are assigned, it did inform the Veteran that higher levels of nonservice-connected pension may be assigned for disabilities that affect his ability to perform certain activities of daily living or to leave his home. Additionally, as the Veteran is appealing the effective date of the award of nonservice-connected pension, additional notice was not required and any defect in the notice was not prejudicial. See Dingess v. Nicholson, 19 Vet. App. 473, 490-491 (2006), aff'd sub nom. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007).

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. The record reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran. Specifically, the evidence that has been associated with the claims file includes the Veteran's service treatment records, VA treatment records and examination reports, Social Security Administration (SSA) records, and hearing testimony. No further notice or assistance is required for a fair adjudication of the Veteran's claim. 

II. Analysis

The Veteran contends that he is entitled to an earlier effective date for his award of nonservice-connected pension. Specifically, the Veteran asserts that the January 2008 claim filed by his representative should be treated as a claim for pension benefits. He also argues that the effective date should be made retroactive to June 2007 when a VA physician indicated on an application for non-VA benefits that the Veteran was totally unable to work. 

Generally, the effective date of an award based on an original claim, or a claim reopened after final allowance, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore. 38 U.S.C.A. § 5110(a). Except as otherwise provided, the effective date of an award of pension based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. 

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C.A. § 5101(a); 38 C.F.R. § 3.151(a). Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155(a).

A claim by a veteran for compensation may be considered to be a claim for pension, and a claim for pension may be considered to be a claim for compensation. 38 C.F.R. § 3.151(a). VA is not "automatically required to treat every compensation claim as also being a pension claim or vice versa," as indicated by the use of the word "may" in the regulation. Stewart v. Brown, 10 Vet. App. 15, 18 (1997). Rather, VA must exercise its discretion under the regulation in accordance with the contents of the application and the evidence in support of it. Id. 

Here, although the contents of the application relate to a claim for compensation (a claim of entitlement to service connection for encephalopathy of unknown cause demonstrating uncoordinated and athetoid movements in the left upper extremity, claimed as stroke, loss of use of left arm, right arm, leg, and speech), which was denied, evidence submitted in support of the Veteran's claim includes evidence indicating possible entitlement to nonservice-connected pension. See, e.g., 38 U.S.C.A. § 1521 (West 2002 & Supp. 2013); 38 C.F.R. § 3.3 (2013). As reflected on the Veteran's Department of Defense Form 214, the Veteran served during a period of war. Additionally, during a July 2008 VA examination conducted in conjunction with his compensation claim, the Veteran reported that he was not able to work because of his (nonservice-connected) degenerative arthritis. Records from SSA reveal that the Veteran was found to have a disability onset date of October 31, 2006. Because the evidence submitted in support of the January 2008 claim reasonably raised the issue of entitlement to nonservice-connected pension, and resolving any reasonable doubt in the Veteran's favor, the Board will consider the January 2008 compensation claim to be a claim for pension. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102, 3.151(a); Stewart, 10 Vet. App. at 18-19; see also Kellar v. Brown, 6 Vet. App. 157, 162 (1994), Waddell v. Brown, 5 Vet. App. 454, 457 (1993), and Ferraro v. Derwinski, 1 Vet. App. 326, 333 (1991) (all remanding cases to the Board because it failed to consider a veteran's claim for disability compensation as a claim for nonservice-connected pension). Therefore, the Veteran is entitled to an effective date of January 31, 2008, the date the claim was received, for his award of nonservice-connected pension. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400. 

The Veteran is not, however, entitled to an effective date earlier than January 31, 2008. Prior to the filing of the claim on January 31, 2008, a formal claim for pension or compensation had not previously been allowed or disallowed; therefore 38 C.F.R. § 3.157(b) is not for application. Additionally, no informal claim for nonservice-connected benefits was received prior to the January 2008 formal claim. Although the Veteran asserts that he is entitled to an effective date of June 2007 based on a Statement of Medical Condition for the Food Stamp and Temporary Assistance for Needy Families Programs, in which a VA physician indicated that he was "totally unable to work," that form was not submitted to VA until after his January 2008 formal claim. At the earliest, the form was received by the Pension Management Center sometime after January 2009; it was received by the RO in July 2010. Thus, even if the form were considered an informal claim for benefits, the Veteran would not be entitled to an earlier effective date. See 38 C.F.R. § 3.1(r) ("Date of receipt means the date on which a claim, information or evidence was received in the Department of Veterans Affairs . . . ."), 3.155 (2013). 

The Veteran also asserts that he is entitled to retroactive pension benefits. A pension award may be effective earlier than the date of the claim resulting in an award only if: (1) the Veteran specifically claims entitlement to retroactive benefits separately or together with the claim for disability pension, and the claim for retroactive benefits is received by VA within one year from the date on which the Veteran became permanently and totally disabled; (2) the disability is not the result of the Veteran's own willful misconduct; and (3) the disability is so incapacitating that it prevented him from filing a disability pension claim for at least the first 30 days immediately following the date on which the Veteran became permanently and totally disabled. 38 C.F.R. § 3.151(b), 3.400(b)(1)(ii); Tetro v. Gober, 14 Vet. App. 100, 105 (2000). 

The Veteran claims that he is entitled to a June 2007 effective date based on the non-VA benefits form described above. Additionally, SSA found the Veteran to be disabled as of October 31, 2006. Regardless of which of these dates is considered the date on which the Veteran became permanently and totally disabled, the Veteran does not meet elements one or three for retroactive pension benefits. As to the first element, the Veteran first asserted entitlement to "retroactive benefits" in a January 2010 communication. Even if other, less specific statements by the Veteran could be considered as asserting entitlement to retroactive pension benefits, the first statement by the Veteran regarding the claimed effective date was not received until January 2009 when a claim was filed with the Pension Management Center, which is still more than one year after the later of the possible dates on which the Veteran became permanently and totally disabled. The Veteran argues that his representative is at fault for not filing a claim for retroactive pension in January 2008. Even assuming that the Veteran received erroneous advice or assistance in filing his claim, this does not establish a legal basis of entitlement to an earlier effective date. See McTighe v. Brown, 7 Vet. App. 29, 30 (1994).

Additionally, there is no evidence that incapacity ever prevented the Veteran from filing a pension claim, as required by the third element. VA treatment records show that the Veteran was seen in October 2006 and talked to providers over the phone in November 2006; there is no indication in these records that the Veteran was so incapacitated that he could not file a disability pension claim, for example, the Veteran was not hospitalized during this period, but was receiving outpatient care. See 38 C.F.R. § 3.400(b)(1)(ii)(B). Similarly, VA treatment records show that the Veteran was seen in June 2007 and talked to providers over the phone in July 2007; again there is no indication of a disability so incapacitating that it prevented the Veteran from filing a disability pension claim. Simply put, even if the Veteran had filed a claim for retroactive pension benefits in January 2008, entitlement to an effective date prior to January 31, 2008 would not be warranted. 

For the above reasons, the Board finds that an effective date of January 31, 2008, but no earlier, is warranted. As to entitlement to an effective date earlier than January 31, 2008, the benefit-of-the-doubt rule is not for application. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).





ORDER

Entitlement to an effective date of January 31, 2008, but no earlier, for the award of nonservice-connected pension benefits is granted, subject to controlling regulations governing the payment of monetary awards. 



____________________________________________
Nathan Kroes
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs