﻿Citation Nr: AXXXXXXXX
Decision Date: 12/17/18 Archive Date: 12/17/18

DOCKET NO. 181026-735
DATE: December 17, 2018
ORDER
Entitlement to an earlier effective date for service connection for traumatic brain injury (TBI), to include as due to clear and unmistakable error (CUE) in an August 2013 rating decision, is denied.
FINDINGS OF FACT
1. The Veteran’s previous claims for service connection for TBI were denied in August 1987 and July 2003 rating decisions; the Veteran was notified of those decision and of his right to appeal, but he did not appeal those decisions.
2. On September 4, 2012, the Veteran filed a claim to reopen his previously denied claim for service connection for TBI; service connection for traumatic brain injury was granted by an August 2013 rating decision, with an assigned 40 percent disability rating effective September 4, 2012.
3. The August 2013 rating decision is the rating action from which the instant appeal originates.
CONCLUSION OF LAW
The criteria for an effective date prior to September 4, 2012 for the award of service connection for TBI have not been met. 38 U.S.C. §§ 5110, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.155, 3.400 (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The Veteran had active service from September 1980 to January 1987.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran in this case chose to participate in VA’s test program, RAMP (Rapid Appeals Modernization Program). The Board’s decision has been written consistent with the new AMA framework.
1. Entitlement to an earlier effective date for service connection for traumatic brain injury (TBI), to include as due to clear and unmistakable error (CUE) in an August 2013 rating decision
The Veteran asserts that he is entitled to an effective date of July 22, 1985 for the award of service connection for TBI, which is the date he believes his injury was first shown to exist by objective medical evidence. 
Service connection for residuals of a head injury was first denied in an August 1987 rating decision. (Service connection was granted for scalp scars, but not for any other head injury residuals.) The Veteran was provided notice of the decision and of his appellate rights with respect thereto. Although he did initiate an appeal with respect to other issues decided around the same time, he did not initiate an appeal as to the denial of service connection for residuals of a head injury. Service connection was again denied for head injury residuals in a July 2003 rating decision; the Veteran was notified of the decision and of his appellate rights, but he did not appeal. The Board finds that August 1987 and July 2003 rating actions are unappealed, and final.
Following the July 2003 rating decision, no claim, formal or informal, seeking service connection for TBI was received until September 4, 2012. Based on that claim, service connection for TBI was granted in an August 2013 rating decision; an initial 40 percent rating was assigned, effective September 4, 2012. 
The effective date of an award of disability compensation, in conjunction with a grant of entitlement to service connection on a direct basis, shall be the day following separation from active service or the date entitlement arose if the claim is received within one year of separation from service. Otherwise, the effective date shall be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (b)(2)(i) (2018).
In the case of a reopened claim following a final rating or Board action, the effective date will be the date of receipt of the reopened claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(q)(2), (r).
A specific claim in the form prescribed by the Secretary of VA must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 C.F.R. § 3.151 (2018). The term “claim” or “application” means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief of entitlement, to a benefit. 38 C.F.R. § 3.1 (p) (2018). “Date of receipt” generally means the date on which a claim, information, or evidence was received by VA. 38 C.F.R. § 3.1 (r). 
Any communication or action indicating intent to apply for one or more benefits under the laws administered by VA, from a claimant, his duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such an informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year after the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155 (a).
While the term “application” is not defined in the statute, the regulations use the terms “claim” and “application” interchangeably, and they are defined broadly to include “a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit.” 38 C.F.R. § 3.1 (p). See also Rodriguez v. West, 189 F.3d. 1352 (Fed. Cir. 1999), cert. denied, 529 U.S. 1004 (2000). The benefit sought must be identified, see Stewart v. Brown, 10 Vet. App. 15, 18 (1997), but need not be specific, see Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). That said, while VA must interpret a claimant’s submissions broadly, VA is not required to conjure up issues not raised by the claimant. VA is not required to anticipate any potential claim for a particular benefit where no intention to raise it was expressed. Brannon v. West, 12 Vet. App. 32, 35 (1998); Talbert v. Brown, 7 Vet. App. 352, 356-57 (1995).
The Board notes that effective March 24, 2015, VA amended its adjudication regulations to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary. Those amended regulations are not for application in this case, as the claim at issue preceded the amended regulations.
The Board initially notes that the Veteran bases his claim in part on a theory of CUE in the August 2013 rating action as to the assigned effective date. The Board points out, however, that the August 2013 rating action never became final as to that aspect, as it is that very rating decision from which the instant appeal originates. Lacking finality, that rating action may not be challenged on the basis of CUE. The Board notes in passing that were the Board to entertain the Veteran’s allegation of CUE, VA would be applying a much higher standard to the Veteran’s claim—that of whether the rating action was undebatably in error, rather than the much more relaxed standard of whether the matter is in equipoise. The Veteran has not challenged the August 1987 or July 2003 rating actions on the basis of CUE. Consequently, the Board finds that the CUE challenge lacks merit. 
Following the final rating decision of July 2003, the Board’s review of the record reflects the Veteran next filed a claim to reopen service connection for TBI via a VA Form 21-526b which was dated September 3, 2012 and received by VA on September 4, 2012. 
The Board emphasizes that the actual date that entitlement arose is of no issue in the present case, because even assuming that entitlement to service connection for TBI arose at an earlier time, the law mandates that the effective date shall be “the date entitlement arose or the date VA received the previously decided claim, whichever is later.” 38 C.F.R. § 3.156 (c)(3) (emphasis added). In the present case, the Veteran was not found disabled due to his residuals of TBI until the objective medical evidence of record demonstrated residuals of TBI, which was done by the August 2013 rating decision. Thus, service connection was granted back to the date of application, September 4, 2012.
The United States Court of Appeals for the Federal Circuit has determined that, even when a Veteran has a claim to reopen, “he cannot obtain an effective date earlier than the reopened claim’s application date.” Leonard v. Nicholson, 405 F.3d 1333, 1336-37 (Fed. Cir., 2005) (indicating that “no matter how [the Veteran] tries to define ‘effective date,’ the simple fact is that, absent a showing of CUE, he cannot receive disability payments for a time frame earlier than the application date of his claim to reopen, even with new evidence supporting an earlier disability date”).
Thus, because the July 2003 and August 1987 rating decisions are final, the effective date for service connection was appropriately assigned as of the date the Veteran’s claim to reopen was received on September 4, 2012. See Ingram v. Nicholson, 21 Vet. App. 232, 249, 255 (2007); McGrath v. Gober, 14 Vet. App. 28, 35 (2000) (indicating a claim that has not been finally adjudicated remains pending for purposes of determining the effective date for that disability, but conversely, that a claim which has become final and binding in the absence of an appeal does not remain pending and subject to an earlier effective date).
In sum, the presently assigned effective date of September 4, 2012, is correct and there is no basis for an award of service connection for TBI prior to that date. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990). The claim of entitlement to an earlier effective date for service connected TBI must be denied.
 
THOMAS H. O'SHAY
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD N. Peden, Associate Counsel