Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200512-87606
DATE: October 29, 2021

ORDER

Entitlement to an effective date prior to February 19, 2019 for service connection for coronary artery disease (CAD) is denied.

FINDINGS OF FACT

1. The Veteran was a Nehmer class member.

2. The Veteran did not file a claim of entitlement to service connection for CAD prior to February 2019, and a claim of entitlement to service connection for CAD was never previously denied by VA.

CONCLUSION OF LAW

1. The criteria for an effective date prior to February 19, 2019 for the grant of service connection for CAD are not met. 38 U.S.C. §§ 5101 (a), 5110; 38 C.F.R. §§ 3.400, 3.816.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Marine Corps from May 1962 to May 1967, including service in the Republic of Vietnam. The Veteran died in May 2021. The appellant is the Veteran's surviving spouse and has been substituted as the appellant. 

The rating decision on appeal was issued in June 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In a May 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Hearing option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant or his or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). 

In March 2021, the Veteran testified before the undersigned Veterans Law Judge at a video conference hearing. A transcript of the hearing is of record.

Duties to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A; 38 C.F.R. § 3.159. The Veteran has not advanced any procedural arguments in relation to VA's duty to notify and assist; therefore, the Board will proceed with appellate review. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015).

1. Entitlement to effective date earlier than February 19, 2019 for the grant of service connection for CAD

As an initial matter, and as briefly noted above, the Veteran passed away in May 2021, and the current appellant is the Veteran's wife. In cases where a Nehmer class member who is entitled to retroactive benefits pursuant to 38 C.F.R. § 3.816(c)(1) through (c)(3) dies prior to receiving payment of such benefits, retroactive benefits may be paid to specified individuals, including the class member's spouse, regardless of current marital status. 38 C.F.R. § 3.816(f)(1)(i). 

In light of the above, the Board will adjudicate the issue currently on appeal as a claim for retroactive benefits that the Veteran was entitled to at the time of his death pursuant to 38 C.F.R. § 3.816, based on earlier claims for benefits for ischemic heart disease. As such, although the Veteran has passed away, the Board will analyze the current appeal under the subsections of 38 C.F.R. § 3.816 governing the award of earlier effective dates for service connection, and not the portions governing effective dates for DIC, to determine whether retroactive benefits may be awarded. 38 C.F.R. § 3.816(c), (d).

The Veteran was initially granted service connection in a June 2019 rating decision, effective February 19, 2019, the date of his initial claim for service connection for CAD. The appellant asserts that she is entitled to an earlier effective date for the grant of service connection for the Veteran's CAD, status post-myocardial infarction with congestive heart failure. Specifically, in the March 2021 hearing, the Veteran asserted that the effective date should be the date of his 1985 claim for service connection for hypertension. Alternatively, the Veteran asserted that the effective date should be December 2005, the date the Veteran's medical records noting a diagnosis of coronary artery disease were received by the VA pursuant to Nehmer v. United States Veterans Administration, 712 F. Supp. 1404 (N.D. Cal., May 2, 1989). 

Generally, the effective date of an award based on an original claim, a claim reopened after final adjudication or a claim for increase shall be fixed in accordance with the facts found, but not earlier than the date the claim was received. 38 U.S.C. § 5110(a). If a claim for compensation is received within one year after separation from service, the effective date for an award of service connection is the day following separation from active service. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2).

A specific claim in the form prescribed by the Secretary of VA must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101(a)(1); 38 C.F.R. § 3.151(a). For claims received on or after March 24, 2015, VA amended its regulations governing how to file a claim. The effect of the amendment was to standardize the process of filing claims, as well as the forms accepted, in order to increase the efficiency, accuracy, and timeliness of claims processing, and to eliminate the concept of informal claims. See 38 C.F.R. § 3.155; 79 Fed. Reg. 57660-01. However, prior to the effective date of the amendment, an informal claim was any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA. The benefit sought must be identified, see Stewart v. Brown, 10 Vet. App. 15, 18 (1997), but need not be specific, see Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). See 38 C.F.R. § 3.155(a) (2012).

Some exceptions to 38 C.F.R. § 3.400 exist. First, if compensation is awarded pursuant to a liberalizing law, the effective date of such award shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the act or administrative issue. Moreover, if a claim is reviewed, upon the Veteran's request, more than one year after the effective date of the liberalizing law or VA issue, benefits may be authorized for only a period of one year prior to the date of receipt of the request for review. See 38 U.S.C. § 5110(g); 38 C.F.R. §§ 3.114, 3.400(p); McCay v. Brown, 9 Vet. App. 183 (1996), aff'd 106 F.3d 1577 (Fed. Cir. 1997).

A second exception to the regulations regarding effective dates for disability compensation involves those claimants who qualify as eligible under 38 C.F.R. § 3.816. See also Nehmer v. United States Veterans Administration, 712 F. Supp. 1404 (N.D. Cal., May 2, 1989). Under that regulation, a Nehmer class member is a Veteran who served in the Republic of Vietnam and who has a "covered herbicide disease." See 38 C.F.R. § 3.816 (b).

As noted briefly above, during his life, the Veteran met the definition of a Nehmer class member based on his service in Vietnam and his development of an herbicide disease, specifically ischemic heart disease or coronary artery disease. The appellant is also a Nehmer class member, as she is the spouse of a Vietnam veteran who died of an herbicide disease. 38 C.F.R. § 3.816(b)(1)(i)(ii). Ischemic heart disease was added to the list of presumptive disabilities effective August 31, 2010, and thus is considered an herbicide disease for the purposes of 38 C.F.R. § 3.816. 75 Fed. Reg. 53,202 (Aug. 31, 2010). Thus, the dispositive issue in this case is whether the Veteran had a qualifying previously denied or pending claim which would warrant the award of retroactive benefits.

The Nehmer regulation provides for situations where the effective date can be earlier than the date of the liberalizing law, assuming a Nehmer class member has been granted compensation for a covered herbicide disease. Either (1) VA denied compensation for the same covered herbicide disease in a decision issued between September 25, 1985 and May 3, 1989; or (2) the class member's claim for disability compensation for the covered herbicide disease was either pending before VA on May 3, 1989, or was received by VA between May 3, 1989, and the effective date of the statute or regulations establishing a presumption of service connection for the covered disease, which in this case is August 31, 2010. In these situations, the effective date of the award will be the later of the date VA received such claim or the date the disability arose. 38 C.F.R. § 3.816(c)(1), (c)(2).

As noted above, VA added ischemic heart disease (IHD) as a presumptive disability on August 31, 2010. Pursuant to 38 C.F.R. § 3.309(e), IHD includes CAD. As such, the relevant inquiry herein is whether VA received a claim of entitlement to service connection for CAD between May 3, 1989, and August 31, 2010.

There is no indication in the record that the Veteran ever filed a claim of entitlement to service connection for IHD or CAD specifically, or any other condition included in the definition of IHD or CAD, prior to February 19, 2019. Most importantly, the VA never denied service connection for any form of IHD or CAD. To the contrary, the VA granted the claim on the initial application.

Although the Veteran is claiming an earlier effective date for a grant of service connection, Nehmer regulations do not apply in this case as the appeal does not involve a claim to reopen a previously denied claim prior to August 31, 2010. Hence, despite medical records confirming a diagnosis of CAD in 2005, because a claim was not previously denied nor filed prior to August 31, 2010 for CAD, the date the law established a presumption for specific diseases in this case IHD- caused by herbicide agent exposure, the provisions governing a possible earlier effective date for service connection, including as afforded to Nehmer-class members, in particular the provisions of 38 C.F.R. § 3.114 and 3.816, do not apply here.

Moreover, the Veteran's October 1985 claim for service connection for hypertension did not encompass a claim for ischemic heart disease. Clemons v. Shinseki, 23 Vet. App. 1 (2009). None of the medical evidence of record at the time the Veteran filed the October 1985 statement reflected that the Veteran was in fact diagnosed with heart disease of any kind. Further, the March 1982 claim very specifically requested benefits for high blood pressure, which is not a disability that is synonymous or encompasses ischemic heart disease. Compare DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 896 (32d ed. 2012) with DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 961 (32d ed. 2012) (defining myocardial ischemia). As such, the October 1985 claim for service connection for hypertension did not encompass a claim for service connection for ischemic heart disease. Id. at 5.

(Continued on the next page)

 

Based on the foregoing, the Board finds that the Veteran's claim for an earlier effective date fails under any theory of entitlement. The file does not contain any pending but unadjudicated claims for service connection for CAD prior to the February 19, 2019 formal claim, and therefore an earlier effective date is not warranted, including based on Nehmer class status. As such, the claim for an effective date earlier than February 19, 2019 for the award of service connection for CAD is denied. 38 U.S.C. § 5110 (a); 38 C.F.R. §§ 3.400, 3.816.

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Rosenthal, Ariana

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.