DECISION
PER CURIAM.
Sandra K. Sandlin, the surviving spouse of deceased veteran George L. Sandlin, *518 appeals from a decision of the United States Court of Appeals for Veterans Claims (“the Veterans Court”). The court held that a September 1990 regional office decision denying service connection for her husband’s death did not constitute clear and unmistakable error. We dismiss the appeal for lack of jurisdiction.
BACKGROUND
Mr. Sandlin served in the United States Navy from May 1943 to March 1946. He died on June 11, 1990, at the age of 65, as a result of hypoxemia due to carcinoma of the lung.
In July and August 1990, Mrs. Sandlin filed applications with the Department of Veterans Affairs (“DVA”) for burial benefits and death pension benefits. She indicated on each application that she was not claiming that her husband’s death was related to his military service.
When the DVA regional office processed Mrs. Sandlin’s claims, it considered his medical records and other evidence available at the time. His medical records reflected that as of 1987 he was being treated for tuberculosis and emphysema, and that between October 1989 and March 1990, he was treated for lung cancer with metastasis to both femurs, hips, pelvis, ribs, spine, and scapula. The regional office granted burial benefits in July 1990 and a pension in September 1990, but it advised Mrs. Sandlin that her husband’s death was not service connected.
In 1995, Mrs. Sandlin filed a claim for dependency and indemnity compensation (“DIC”) in which she claimed that her husband had been exposed to asbestos during service and that the exposure had caused him to develop lung cancer. In February 1996, after investigation, the regional office granted service connection as of October 30,1995, the date of Mrs. Sand-lin’s claim.
In April 1996, Mrs. Sandlin filed a claim for an earlier effective date for her DIC benefits. She alleged that the September 1990 regional office decision failed to consider the possibility that Mr. Sandlin could have been exposed to asbestos during service and that his death therefore could have been service connected. The regional office denied her request for a 1990 effective date, but it awarded an effective date of October 30, 1994, based on 38 C.F.R. § 3.114 and the Veteran’s Court’s decision in Isenhart v. Derwinski, 3 Vet. App. 177 (1992).
Mrs. Sandlin appealed the decision as to the effective date for DIC benefits. The Board of Veterans’ Appeals remanded the claim to the regional office to determine whether the September 1990 regional office decision contained clear and unmistakable error. The regional office concluded that the September 1990 decision did not contain clear and unmistakable error, and it returned the claim to the Board.
After two additional remands on grounds not relevant here, Mrs. Sandlin again appealed to the Board. She argued that the regional office had failed to fulfill its duty to assist her with her claim in 1990 because she was not advised of her right to benefits and because the regional office had failed to investigate whether her husband was exposed to asbestos in service. The Board denied Mrs. Sandlin’s claims, concluding that Mrs. Sandlin had failed to show that the September 1990 decision was the product of clear and unmistakable error, and that she had failed to show any other basis for an effective date earlier than October 1994.
Mrs. Sandlin appealed to the Veterans Court, which affirmed the Board’s decision. This appeal followed.
DISCUSSION
This court has only limited jurisdiction over appeals from the Veterans Court. In *519 particular, this court lacks jurisdiction to review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d)(2); Madden v. Gober, 125 F.3d 1477, 1489 (Fed.Cir.1997).
On appeal, Mrs. Sandlin alleges that the regional office failed to assist her when she filed her claim with the DVA, and that she is entitled to an earlier effective date for service connection for her husband’s death. The Veterans Court held that there was no evidence that the regional office had failed to assist Mrs. Sandlin in 1990 or that the regional office’s decision reflected clear and unmistakable error. The court’s ruling was consistent with the decision of the Board of Veterans’ Appeals, which concluded that the medical records available to the regional office at the time of Mrs. Sandlin’s 1990 claim did not indicate that Mr. Sandlin’s death was in any way connected to his military service or that he had been exposed to asbestos during his military service. The Veterans Court also found that the regional office had properly established October 30, 1994, as the effective date for Mrs. Sandlin’s DIC benefits.
Mrs. Sandlin’s arguments in this court are challenges to factual determinations by the Veterans Court. Because Mrs. Sand-lin appeals only fact-based issues and does not raise any statutory interpretation or constitutional issues, we lack jurisdiction and we therefore dismiss the appeal.