**Robert B. CLARKSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1110.

United States Court of Veterans Appeals.

April 20, 1993.

Robert B. Clarkson, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Rosalind E. Masciola, were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Robert B. Clarkson appeals the May 6, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an increased rating for post-traumatic stress disorder (PTSD), currently evaluated as 70% disabling, and entitlement to service connection for brain damage. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance as to the claim for brain damage and a motion for remand as to the PTSD claim. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. BACKGROUND

The veteran served in the U.S. Army from August 1969 to April 1971, including a tour of duty in Vietnam. In Vietnam the veteran contracted leptospirosis and was hospitalized from October 17, 1970, to October 27, 1970, and from October 29, 1970, to November 6, 1970. (Leptospirosis is an illness caused by infection with the bacteria Leptospira and characterized by fever. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 911 (27th ed. 1988).) While hospitalized the veteran suffered elevated temperatures and was given painful ether baths to abate his fever. Mr. Clarkson alleged that his command believed he was faking illness to avoid combat.

The veteran returned to the medical unit on November 10, 1970, for a psychiatric evaluation. The medical examiner found that the veteran was anxious, tense, angry, and frustrated by the physical effects of leptospirosis and by uncertainty of his military assignments. In February 1971, the veteran was found to have "physical manifestations of anxiety—tension state."

After discharge from the Army, the veteran completed law school, and was employed in the legal field until December 1977. Mr. Clarkson has been unemployed since January 1978. The veteran has been incarcerated several times since 1978, and was first diagnosed with PTSD in 1984 by a prison psychiatrist. He complained of flashbacks, hallucinations, and panic attacks, and stated that due to these problems he rarely leaves his house.

Mr. Clarkson was examined in a Veterans' Administration (now Department of Veterans Affairs) (VA) neurology clinic in January 1985 for complaints of violent outbursts, which he associated with the fevers he suffered in Vietnam. The neurologist noted that violence in general is "not an organic sign but rather a psychiatric illness." Electroencephalograph test results

were normal. In addition, a VA examination in August 1985 indicated that there were no clinical findings of residuals of leptospirosis.

On January 17, 1986, the veteran was granted service connection for PTSD, evaluated as 10% disabling, effective from October 9, 1984. Mr. Clarkson requested an increased evaluation for PTSD, and service connection for brain damage (caused by his elevated temperatures in Vietnam), malaria, and leptospirosis. The VA Regional Office (RO) granted service connection for leptospirosis, rated as 0% disabling, effective from April 20, 1971, and denied all remaining claims.

The veteran testified at an RO personal hearing on May 11, 1988, and requested service connection for brain damage, hearing loss, and night blindness and an increased rating for PTSD. He underwent an examination by a private physician in September 1988, was diagnosed with PTSD, and was found to have severely limited social functioning. A VA special psychiatric examination, conducted in May 1989, indicated the veteran's prognosis as guarded, and found his degree of disability to be in the moderate range. An RO rating decision, dated September 25, 1989, granted a 30% rating for PTSD from October 9, 1984, and granted a 70% rating effective from May 4, 1989. All other claims were denied.

The veteran filed a Notice of Disagreement (NOD) with the rating decision, and claimed entitlement to a total rating based on individual unemployability. He contended that the Social Security Administration (SSA) found him unemployable and he requested that the VA obtain his SSA records. The RO held a hearing on June 5, 1990, at which time the veteran submitted an application for increased compensation based on unemployability. In the hearing officer's decision the claim for individual unemployability was returned to the rating board because it had not yet been considered; the veteran's remaining claims were denied. On September 4, 1990, the unemployability claim was denied because the only compensable service-connected disability was a mental disorder. Appellant filed an NOD and requested that his appeal be limited to his claims for brain damage and PTSD.

In the May 6, 1991, decision, the BVA denied an increased evaluation for PTSD. *Robert B. Clarkson*, BVA 90–52106 (May 6, 1991). The BVA stated that a March 1990 treatment report showed that the veteran's PTSD was in partial remission and reality testing was intact, and thus a 100% rating was not warranted. The BVA also denied service connection for brain damage, stating that there is no supporting evidence of record.

## II. ANALYSIS

■ Mr. Clarkson has expressed fear of recurrence of high fevers and fear of having incurred brain damage from the treatment he received in service for his fever. The veteran has the burden of "submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C.A. § 5107(a) (West 1991); *Murphy v. Derwinski*, 1 Vet. App. 78, 81 (1990). "A well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy*, 1 Vet.App. at 81. No evidence has been submitted in support of the claim for brain damage except for the veteran's unsubstantiated fears. Therefore, the Court concludes that the veteran has not presented a well-grounded claim for service connection for brain damage, and that therefore the VA's duty to assist was not invoked and the VA was not required to conduct further medical tests requested by the veteran. *See* 38 U.S.C.A. § 5107(a); *Rabideau v. Derwinski*, 2 Vet.App. 141, 144 (1992).

■ The veteran also contends he is entitled to an increased rating for PTSD, currently evaluated as 70% disabling. The Secretary has filed a motion for remand in regard to this claim to enable the VA to obtain the veteran's SSA records, pursuant to the duty to assist the veteran in developing the facts pertinent to his claim. *See* 38 U.S.C.A. § 5107(a). The VA has a duty to assist in gathering social security records

when put on notice that the veteran is receiving social security benefits. *See Murincsak v. Derwinski*, 2 Vet.App. 363 (1992); *Masors v. Derwinski*, 2 Vet.App. 181 (1992). The Court grants the Secretary's motion for remand. The BVA shall obtain these records, readjudicate the veteran's claim, and provide a new decision with adequate reasons or bases for the Board's findings and conclusions. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991).

Also in relation to the veteran's PTSD claim, we note that the VARO rating decision dated September 25, 1989, awarded a 30% rating for PTSD from October 1984, and a 70% rating from May 1989. However, after review of the medical evidence the BVA stated that "[t]he findings most closely approximate the criteria for a 70 percent rating [for PTSD], *both before and after February 1988.*" *Clarkson*, BVA 91–14529, at 6 (emphasis added). Upon remand the BVA shall provide reasons or bases for this conclusion. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); 38 U.S.C.A. § 7104(d)(1).

The Secretary concedes that remand is also appropriate for the BVA to address the veteran's claim for a total rating based on individual unemployability, pursuant to 38 C.F.R. § 4.16(c) (1991). Although the BVA cited this regulation twice in its decision, the applicability to the veteran was not discussed. *Robert B. Clarkson*, BVA 90–52106, at 3, 6. The Court remands the matter for consideration of this regulation as well.

Lastly, upon remand the Board shall also address the veteran's claim that his compensation was reduced during his incarceration. The Board is not free to ignore the issues a veteran raises in his appeal. *See Smith (Morgan) v. Derwinski*, 2 Vet. App. 137, 141 (1992).

### III. CONCLUSION

With respect to the veteran's claim for entitlement to service connection for brain damage, that portion of the BVA decision which denied service connection is AFFIRMED; the remainder of the decision is

VACATED and REMANDED for proceedings consistent with this decision.