**Arvel J. WADDELL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2034.

United States Court of Veterans Appeals.

Sept. 7, 1993.

Arvel J. Waddell, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard Mayerick, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Judges.

IVERS, Judge.

Arvel J. Waddell appeals a September 26, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying an earlier effective date for the award of service connection for post-traumatic stress disorder (PTSD) and denying an increased disability rating for PTSD (currently rated 10% disabling). Arvel J. Waddell, BVA 91–28418 (Sep. 26, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for partial summary affirmance with regard to the issue of an earlier effective date, and for partial remand with regard to the issues of an increased disability rating for PTSD and a permanent and total disability (PT) rating for pension purposes. The Court has jurisdiction of the case pursuant to 38 U.S.C.A. § 7252(a) (West 1991). For the reasons set forth below, we affirm in part and vacate in part the September 1991 decision of the BVA and remand the matter for readjudication consistent with this opinion.

## I. FACTUAL BACKGROUND

Appellant served on active duty in the United States Army from March 2, 1966, to March 1, 1968. R. at 1. On October 28, 1985, he applied to a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) for service connection for PTSD and several other conditions. R. at 60. On February 25, 1986, the RO denied service connection for PTSD (R. at 64) and sent appellant a letter notifying him of the denial of service connection and of the denial of a PT rating for pension purposes on March 5, 1986 (R. at 65). On September 23, 1986, appellant filed a Notice of Disagreement (NOD) (R. at 66), and the RO sent a Statement of the Case (SOC) on October 21, 1986 (R. at 68). Appellant did not file any other documents regarding this determination until November 1989.

On November 28, 1989, appellant sought to reopen his claim for service connection and filed a new claim for a PT rating for pension purposes. R. at 73; see Abernathy v. Principi, 3 Vet.App. 461, 464 (1992) (claim for PT rating for pension purposes is new claim and is not subject to "new and material" evidence requirement for reopened claims). In the resubmitted claim, he indicated that "Social Security verification" would be forthcoming. Ibid. On October 5, 1990, the RO granted service connection for PTSD with an effective date of November 30, 1988, and denied a PT rating for pension purposes. R. at 110. On a March 7, 1991, VA Form 1–9 (Appeal to BVA), appellant indicated that he had "been unable to retain or obtain gainful employment" and that he was receiving Social Security Administration (SSA) disability benefits. R. at 129. On September 26, 1991, the BVA denied an effective date earlier than November 30, 1988, for appellant's service-connected PTSD and denied an increased disability rating for PTSD, but did not address his claim for a PT rating for pension purposes. Waddell, BVA 91–28418, at 8.

## II. ANALYSIS

In his brief, appellant argues that the effective date of award of service connection for PTSD should be the date of his 1985 original claim because he has "continually prosecuted" that claim since then. Br. at 1. However, appellant has not "continually prosecuted" that claim. The RO notified appellant of the denial of that claim in March 1986 (R. at 65) and sent an SOC in October 1986 (R. at 68). Appellant did not file a substantive appeal to the Board within 60 days of the date that the RO mailed the SOC or within one year after the date that the RO mailed notifica-

tion of the denial. *See* 38 U.S.C.A. § 7105(d)(3) (West 1991); 38 C.F.R. §§ 20.-202, 20.302(b) (1992). Therefore, he did not perfect his appeal. *See* 38 U.S.C.A. § 7105(a) (West 1991) (appellate review is initiated by NOD and completed by substantive appeal); 38 C.F.R. § 20.200 (1992) (appeal consists of timely filed NOD and substantive appeal); *Cuevas v. Principi*, 3 Vet.App. 542, 546 (1992) (where claimant did not perfect appeal by timely filing VA Form 1–9 Substantive Appeal, RO decision became final); *see also* 38 C.F.R. § 19.32 (1992) (agency of original jurisdiction may close appeal without notice to appellant if he does not respond to SOC within the allowable period; if appellant files substantive appeal within the one-year appeal period, appeal will be reactivated).

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). Under 38 C.F.R. § 3.400(r) (1992), the effective date of an award for a reopened claim is the date of the receipt of the claim *or* the date entitlement arose, *whichever is later. See also* 38 U.S.C.A. § 5110(a) (West 1991). Therefore, under the applicable statute and regulation, the effective date cannot be the date of appellant's 1985 original claim.

■ With regard to the claim for an increased disability rating for the service-connected PTSD, the Board breached its duty to assist appellant by not conducting an examination to determine to what degree appellant's functional impairment was attributable to PTSD. *See* 38 U.S.C.A. § 5107(a) (West 1991) (once a claimant has submitted a well-grounded claim, VA has a duty to assist that claimant in developing the facts pertinent to that claim); 38 C.F.R. §§ 3.103(a), 3.159(a) (1992); *see Murphy v. Derwinski*, 1 Vet.App. 78, 82 (1990); *Proscelle v. Derwinski*, 2 Vet.App. 629, 632 (1992). The duty to assist "includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation will be a fully informed one." *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (citing *Littke v. Derwinski*, 1 Vet.App. 90, 92 (1990)); *see Fanning v. Brown*, 4 Vet.App. 225, 230 (1993); *see also* 38 C.F.R. § 4.1 (1992) ("[A]ccurate and fully descriptive medical examinations are required, with emphasis upon the limitation of activity imposed by the disabling condition."). In *Shoemaker v. Derwinski*, 3 Vet.App. 248, 254–55 (1992), the Court stated:

> In order to explain the relationship between these [psychiatric] disorders, and pursuant to its statutory duty ... to assist claimants who have presented well-grounded claims, the Board should have ordered ... under 38 C.F.R. § 3.327 (1991), a thorough, fully informed, and comprehensive medical examination to (1) reconcile the diagnoses; (2) evaluate the veteran for purposes of determining the existence of each of the impairments noted in the record; (3) determine the degree of disability, in terms of ordinary conditions of life, imposed by each impairment, if possible, and its relation to service; and (4) determine the extent to which each impairment contributes to the veteran's employability or unemployability. [Citations omitted.]

In this case, the BVA stated: "Notwithstanding that the veteran is socially isolated and has manifested extensive psychiatric pathology, the 10 percent evaluation now assigned appropriately reflects that degree of functional impairment attributable to service-connected [PTSD]." *Waddell*, BVA 91–24818, at 7. Various VA and private physicians have diagnosed appellant as having several disorders concurrently, including PTSD, intermittent explosive disorder, avoidant personality disorder, anxiety disorder, depressive disorder, schizoid personality disorder, and antisocial personality disorder. R. at 94, 101, 108, 119, 121. None of these neuropsychiatric examinations fully describes the degree of disability attributable to each psychiatric disorder. Absent such an examination, the Board's evaluation cannot be a fully informed one. On remand, the Board must

conduct a thorough examination to determine the degree of appellant's functional impairment attributable to PTSD.

■ The Board also failed to adjudicate a claim for non-service-connected pension under 38 C.F.R. § 4.17 (1992) and on an extraschedular basis under 38 C.F.R. § 3.321(b)(2) (1992). On the March 1991 substantive appeal to the BVA, appellant wrote: "Since my separation from the military I have been unable to retain or obtain gainful employment. My PTSD has so impaired my working ability that I am now receiving Supplemental Security Insurance payments from the government." R. at 129. Since the veteran had service during a period of war, see 38 U.S.C.A. § 101(11), (29), § 1521(a) (West 1991), his substantive appeal to the BVA, raising a claim for an increased disability rating for PTSD, also presented a claim for non-service-connected pension. See 38 C.F.R. § 3.151(a) (1992) ("claim ... for compensation may be considered to be a claim for pension"). Pursuant to 38 C.F.R. § 20.202, the Board must construe arguments raised in a substantive appeal in a liberal manner to determine whether they raise issues on appeal. See Myers v. Derwinski, 1 Vet.App. 127, 129–30 (1991); EF v. Derwinski, 1 Vet.App. 324, 326 (1991) (VA must liberally read all documents or oral testimony submitted prior to the BVA decision to include all issues presented); see also Proscelle, 2 Vet.App. at 633 (BVA may not disregard a claim for benefits presented on the record). In its October 1990 rating decision, the RO rated appellant 10% disabled because of his service-connected PTSD and 30% disabled because of non-service-connected explosive disorder with schizoid personality disorder, for a combined disability rating of 40%. R. at 110. The Court, therefore, remands the pension claim to the Board for compliance with the statutory duty to assist in accordance with 38 U.S.C.A. § 5107(a) and 38 C.F.R. § 3.159. On remand, appellant will be free to present additional evidence and argument regarding his unemployability. See Quarles v. Derwinski, 3 Vet.App. 129, 141 (1992). The Court notes that "a remand is meant to entail a critical examination of the justification for the decision"

and is not "merely for the purpose of rewriting the opinion so that it will superficially comply with" the Court's order. Fletcher v. Derwinski, 1 Vet.App. 394, 397 (1991); see 38 U.S.C.A. §§ 5107(a), 7104(a), (d)(1); see Hyder v. Derwinski, 1 Vet.App. 221, 224 (1991) (BVA must provide statement of reasons or bases regarding evaluation of pension claim).

The Board also breached its duty to assist by not seeking to obtain records of SSA disability determinations. The SSA determinations are relevant to a determination of whether appellant is able to secure and follow a substantially gainful occupation under 38 C.F.R. § 4.17, and VA's duty to assist includes seeking to obtain these records. Murincsak v. Derwinski, 2 Vet.App. 363, 370, 372 (1992); Collier v. Derwinski, 1 Vet.App. 413, 417 (1991); see also Brown v. Derwinski, 2 Vet.App. 444, 448 (1992) (Board must consider SSA unemployability determination and must give statement of reasons or bases for the weight given to this evidence); Masors v. Derwinski, 2 Vet.App. 181, 188 (1992) (SSA records may contain evidence not previously before the Board); Washington v. Derwinski, 1 Vet.App. 459, 465–66 (1991) (SSA determination is evidence which the Board must consider). On remand, the Board must seek to obtain appellant's relevant SSA records.

### III. CONCLUSION

The Court notes that appellant in this appeal has presented the issue of an earlier effective date for the award of service connection. The Court further notes, after a careful review of the record, that the date of award, cited by the RO and the BVA as November 30, 1988, does not appear to be in keeping with the facts set forth in the record. Therefore, on remand, the BVA may wish to examine, inter alia, the effective date of award as stated in its decision.

Accordingly, upon consideration of the record, appellee's motion for partial summary affirmance and for partial remand, and appellant's brief, the Court AFFIRMS in part and VACATES in part the Septem-

ber 26, 1991, decision of the BVA, and REMANDS the matter for readjudication consistent with this opinion.