Citation Nr: 1212958 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 10-03 039 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in Jackson, Mississippi


THE ISSUES

1. Entitlement to a total disability evaluation based on individual unemployability due to the appellant's service-connected disabilities (TDIU).

2. Entitlement to a disability evaluation in excess of 60 percent, to include the assignment of an extraschedular evaluation, for a left knee disability. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel


INTRODUCTION

The appellant served on active duty from June 1973 to February 1975 in the United States Navy. 

This matter comes before the Board of Veterans' Appeals, hereinafter the Board, on appeal from a rating decision issued by the Department of Veterans Affairs (VA), Regional Office (RO), in Jackson, Mississippi. Following the perfection of the appellant's appeal, the appellant proffered testimony before the undersigned Veterans Law Judge via a videoconference hearing in August 2011. A transcript of that hearing was prepared and has been included in the claims folder for review.

In July 2011, the appellant submitted a request for entitlement to service connection for a psychiatric disorder secondary to his service-connected left knee disability. A review of the claims folder indicates that this issue has not been developed or adjudicated by the RO. As such, it is not before the Board, and it is referred back to the RO for action. 

In November 2007, the RO denied the appellant's claim for entitlement to an increased evaluation for a left knee disability then rated as 30 percent disabling. Following notification of that action, the appellant submitted a notice of disagreement claiming that the rating assigned should be in excess of 30 percent. Subsequently, the RO granted a 60 percent disability rating via a rating action issued in September 2008. The appellant was notified of that action. Such notification included a sentence by the RO suggesting that this was a full grant of benefits. Unfortunately, this is not the case because the appellant may be assigned a higher extraschedular evaluation. Applicable law provides that absent a waiver, a claimant seeking a disability rating greater than assigned will generally be presumed to be seeking the maximum benefit allowed by law and regulation, and that a claim remains in controversy where less than the maximum available benefits are awarded. AB v. Brown, 6 Vet. App. 35, 38 (1993). Because the appellant has not withdrawn his appeal as to the issue of a disability rating greater than assigned, the issue remained in appellate status. 

Moreover, because the appellant filed a notice of disagreement to the RO's November 2007 rating action concerning the disability rating that was assigned, and since the RO failed to issue to him a correct Statement of the Case on the issue, the matter remains pending and in appellate status until the benefit sought on appeal is granted, or a Board Decision resolves the appeal. See Jones v. Shinseki, 619 F. 3d 1368 (Fed. Cir. 2010) (where a notice of disagreement is filed and no statement of the case (or an incorrect statement of the case) is issued, the claim is resolved by a later appellant adjudication of the subsequent claim where the claim stems from the same underlying disorder and the claimed disability is identical or substantially similar). The United States Court of Appeals for Veterans Claims (Court) has held that where the Board finds a notice of disagreement has been submitted from a matter that has not been addressed in a statement of the case, the issue should be remanded to the RO/AMC for appropriate action. Manlincon v. West, 12 Vet. App. 238 (1999). As of this date, and as noted below, the appellant has not been sent a correct statement of the case with respect to the issue of entitlement to an evaluation in excess of 60 percent for a left knee disability, and the remand action below addresses this item. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

As indicated above, the appellant provided testimony before the Board. During that hearing, it was made known that the last complete physical examination of the appellant occurred in 2007 - approximately five years ago. Since that time, the appellant has undergone two surgeries on his service-connected knee disorder. Moreover, he has been medical retired from his previous employment reportedly because of his service-connected left knee disability. 

VA has a duty to obtain a medical examination or opinion when such examination or opinion is necessary to make a decision on the claim. VA's General Counsel has indicated that when a claimant asserts that the severity of a disability has increased since the most recent rating examination, an additional examination is appropriate. VAOPGCPREC 11-95 (April 7, 1995). In this instance and upon first blush, it appears to the Board that the 2007 examination is stale and does not take into account treatment the appellant may have received for his knee disability. The Board finds that a thorough and contemporaneous medical examination that takes into account the records of prior medical treatment (the complete claims folder) so that the disability evaluation will be a fully informed one should be accomplished. See Hyder v. Derwinski, 1 Vet. App. 221 (1991); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). More specifically, a new examination is needed so that the Board will have the necessary medical information before it in order to make a determination as to whether the appellant's service-connected left knee disability prevents him from obtaining and/or maintaining gainful employment. In light of the applicable provisions of the VCAA, it is the Board's opinion that such an examination should be afforded the appellant before an appellate decision on the merits of his claim. 

The Board would add, alternatively, with respect to whether the appellant's service-connected disability versus his nonservice-connected disorders prevents him from obtaining and maintaining gainful employment, the Board notes that a medical examination has not been accomplished that would assess the impact of the service and nonservice-connected disabilities on his ability to work. As such, the Board believes a thorough and contemporaneous medical examination which takes into account all disabilities and all of the records of prior medical treatment may be accomplished so that the evaluation will be a fully informed one in regards to the appellant's claim. See Hyder v. Derwinski, 1 Vet. App. 221 (1991); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). The Board further believes that such information will assist the Board in making a determination as to whether the appellant's disabilities entitled him to a total disability rating. 

A further review of the record reveals that the previous health care providers and RO personnel have referenced the reviewing of VA "electronic records". A further analysis of the information contained in the claims file reveals that while the VA personnel referenced a review of the appellant's VA electronic records, actual hard-copy duplicates of the computer files are not of record. Because there is a lack of these records, the Board does not have the ability to review those records when it evaluates the appellant's claim now before it. Since these records are missing and because they may have an impact on whether benefits may be granted to appellant, the Board concludes that the claim must be returned to the RO/AMC so that these records may be obtained and included in the claims file for review. See Waddell v. Brown, 5 Vet. App. 454 (1993); Clarkson v. Brown, 4 Vet. App. 565 (1993); Shoemaker v. Brown, 3 Vet. App. 519 (1993); and Hyatt v. Nicholson, 21 Vet. App. 390 (2007) [In the context of the duty to assist in obtaining records, the relevance of the documents cannot be known with certainty before they are obtained.]

Also, the record suggests that the appellant has attempted to receive vocational rehabilitation benefits from the VA. The appellant testified that he had applied for benefits but had been informed that he could not receive said benefits. Although the appellant has made these assertions, the claims folder is negative for any vocational rehabilitation records. VA's duty to assist the appellant in the development of his claim includes making reasonable efforts to obtain relevant records that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain. See 38 U.S.C.A. § 5103A(b) (West 2002 & Supp. 2011). In accordance with these provisions, the Board finds that a remand of this case is warranted, so the RO/AMC can ensure that all available VA and non-VA treatment records are obtained, to particularly include the appellant's VA vocational rehabilitation records. See 38 C.F.R. § 3.159(c) (2011); Dunn v. West, 11 Vet. App. 462 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (holding that relevant VA treatment records are considered to be constructively contained in the claims folder and must be obtained before a final decision is rendered). The Board believes that these vocational rehabilitation records should be obtained and included with the claims folder because they may contain information concerning the appellant's ability to obtain and maintain gainful employment. 

Finally, as noted in the Introduction, the appellant has expressed disagreement with the disability rating that has been assigned for his service-connected left knee disorder. As a timely notice of disagreement has been filed, the Board's jurisdiction has been triggered and this issue must be REMANDED so that a statement of the case on the underlying claim that adequately notifies the appellant of the action necessary to perfect an appeal may be provided. See Manlincon v. West, 12 Vet. App. 238 (1999).

The action identified herein is consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). However, identification of specific action requested on remand does not relieve the RO/AMC of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the action requested above, the RO/AMC should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal. 

1. The RO/AMC shall review the record and ensure compliance with all notice and assistance requirements set forth in the VCAA and subsequent interpretive authority. Copies of any correspondence forwarded to the appellant must be included in the claims file for review. The appellant shall be specifically asked to provide any information he may have with respect to any employment positions he has attempted to obtain but has been denied because of his physical disabilities. All information obtained should be included in the claims folder for review. 

2. The appellant has filed a notice of disagreement concerning the issue of entitlement to an increased evaluation for a left knee disability. Such a notice of disagreement was submitted in December 2007. After the notice of disagreement was submitted, the RO increased the appellant's disability rating for the knee disability, and then informed him that the increase was a full grant of benefits. The RO did not recognize the fact that this was not a full grant of benefits as an extraschedular evaluation could have been assigned. Following the increased evaluation, the RO did not issue a Statement of the Case even though it was required to do so. See Jones v. Shinseki, 619 F. 3d 1368 (Fed. Cir. 2010) (where a notice of disagreement is filed and no statement of the case (or an incorrect statement of the case) is issued, the claim is resolved by a later appellant adjudication of the subsequent claim where the claim stems from the same underlying disorder and the claimed disability is identical or substantially similar); Manlincon v. West, 12 Vet. App. 238 (1999). 

As such, the AMC/RO should issue a statement of the case as to the following issue: Entitlement to an evaluation in excess of 60 percent for a left knee disability, to include entitlement to an extraschedular evaluation. The appellant should be apprised of his right to submit a substantive appeal and to have his claim reviewed by the Board. The AMC/RO should allow the appellant and his accredited representative the requisite period of time for a response. If a timely substantive appeal is filed with respect to this issue, the case must be returned to the Board for further appellate consideration of this issue. 

3. The RO/AMC shall contact the appellant and ask that he identify all sources of medical treatment received since June 2010 for his service-connected left knee disability, and to furnish signed authorizations for release to the VA of private medical records in connection with each non-VA source identified. The RO/AMC shall specifically ask for the names and locations of all of the appellant's private care providers (if any). Copies of the medical records from all sources, including VA records, (not already in the claims folder) must then be requested. All records, including all computer and Virtual VA medical treatment records, obtained must be added to the claims file. If requests for any private treatment records are not successful, the RO/AMC must inform the appellant of the nonresponse so that he will have an opportunity to obtain and submit the records himself, in keeping with his responsibility to submit evidence in support of his claim. 38 C.F.R. § 3.159 (2011). 

4. The RO/AMC shall request that a social and industrial survey be undertaken in order to elicit and set forth pertinent facts regarding the appellant's medical history, education and employment history, and social and industrial capacity. The individual who conducts this survey should identify those activities that comprise the appellant's daily routine. With regard to his employability, the appellant should be asked to provide the names and addresses of businesses where he has worked and or sought employment. Any potential employment opportunities should be identified. 

5. The appellant's complete VA Vocational Rehabilitation and Education file shall be obtained and associated with the claims file. The RO/AMC must ensure that copies of any letters and electronic mail messages sent to the appellant are integrated into the file. If the appellant's VA Vocational Rehabilitation and Education file has been destroyed or retired, the claims file shall be annotated and the appellant notified of this so that he may have the opportunity to submit any vocational information he may have. See 38 C.F.R. § 3.159(e) (2011).

6. After the appellant's medical records, vocational rehabilitation records, and any other records concerning the employability have been obtained and included in the claims file for review, the RO/AMC shall make arrangements with the appropriate VA medical facility for the appellant to be afforded the appropriate examination(s) to provide an assessment as to the effect of the service-connected knee disability on the appellant's ability to obtain and maintain employment. All indicated tests or studies deemed necessary should be done. The claims file and this REMAND must be made available to, and be reviewed by, the examiner in connection with the examination. The examiner must specifically comment in the examination report that he or she has reviewed the complete claims file. The examiner shall perform any tests or studies deemed necessary for an accurate assessment. The examiner must give detailed clinical findings of all symptomatology found on examination. 

Additionally, the examiner is directed to render an opinion as to whether the appellant's service-connected disability, and the medications he takes for said condition, prevents him from being gainfully employed, or whether a nonservice-connected disability (or disabilities) prevents him from being gainfully employed. In doing so, the examiner should acknowledge the appellant's reports of symptomatology. 

The examiner should not invoke the phrase "without resort to mere speculation" without first explaining the basis for such an opinion. That is, if the examiner is unable to provide the requested opinion without resorting to speculation, the examiner must provide an explanation for the basis of that determination, for example, does the examiner lack the expertise to render such an opinion, or is some additional testing or information needed, and possibly available, that would permit an opinion. If so, a qualified examiner should provide an opinion and/or the additional testing should be accomplished. If the examiner cannot provide an opinion because it cannot be determined from current medical knowledge whether the appellant's service-connected disability prevents him from obtaining and maintaining gainful employment, this should be fully explained. See Jones v. Shinseki, 23 Vet. App. 382, 390 (2010). 

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the examiner's conclusions. The results proffered by the examiner must reference the complete claims file and any inconsistent past opinions given. It is requested that the results of the examination be typed and included in the claims file for review. 

7. Following completion of the foregoing, the RO/AMC must review the claims folder and ensure that all of the foregoing development actions have been conducted and completed in full. If any development is incomplete, appropriate corrective action is to be implemented. Specific attention is directed to the examination report. If the examination report does not include fully detailed descriptions of pathology and all test reports, special studies or adequate responses to the specific opinions requested, the report must be returned for corrective action. 38 C.F.R. § 4.2 (2011). 

8. Thereafter, the RO/AMC shall readjudicate the claim of entitlement to TDIU. If the benefits sought on appeal remain denied, the appellant and the appellant's representative should be provided a Supplemental Statement of the Case. The RO/AMC is reminded that in making a determination with respect to extraschedular considerations, it must explain the reasons for referring or not referring the matter to the Director, VA Compensation and Pension. That discussion must be included in the Supplemental Statement of the Case reasons and bases. The Supplemental Statement of the Case must contain notice of all relevant actions taken on the claim for benefits, to include a summary of the evidence and applicable law and regulations considered pertinent to the issue on appeal. 

An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case. The appellant need take no action unless otherwise notified. The purpose of the examination requested in this remand is to obtain information or evidence which may be dispositive of the appeal. The appellant is placed on notice that pursuant to 38 C.F.R. § 3.655 (2011) failure to cooperate by attending the requested VA examination may result in an adverse determination. See Connolly v. Derwinski, 1 Vet. App. 566, 569 (1991)

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).