Citation Nr: 1443673 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 11-10 761 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to an evaluation in excess of 30 percent for service-connected posttraumatic stress disorder (PTSD). 


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

A. Budd, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1969 to July 1989. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas. The Veteran and his wife testified before the undersigned Veterans Law Judge at a hearing in March 2012. A transcript of that hearing is of record. 

Unfortunately, the Veteran died during the pendency of the appeal, and the claim was accordingly dismissed in a November 2013 Board decision. Later that month, the Veteran's widow filed a VA Form 21-534, "Application for Dependency and Indemnity Compensation, Death Pension, and/or Accrued Benefits," which the agency of original jursidiction (AOJ) construed as a Motion to Substitute in the matter pending before the Board. In a June 2014 letter, the AOJ recognized the Veteran's widow as the substitute claimant for the Veteran in this matter. 

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, after a review of the record, further development is required prior to adjudicating the appellant's claim. The Veteran testified in his March 2012 hearing that he was in receipt of disability benefits from the Social Security Administration (SSA). An SSA Inquiry Profile confirms this report. It is not clear which condition or conditions were the basis of these disability benefits. In Murincsak v. Derwinski, 2 Vet. App. 363, 370 (1992), the U.S. Court of Appeals for Veterans Claims (Court) found that VA's duty to assist specifically included requesting information from other Federal departments. The Court has further held that VA must obtain SSA records which may have a bearing on claims for VA benefits. See Waddell v. Brown, 5 Vet. App. 454 (1993); Clarkson v. Brown, 4 Vet. App. 565 (1993); Shoemaker v. Brown, 3 Vet. App. 519 (1993). As the record reflects that there may be outstanding records pertinent to the appellant's claim, a remand is necessary to obtain these records. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Social Security Administration and request the Veteran's Social Security disability benefits records, including all medical documents and decisional documents. All attempts to obtain the records should be documented in the file. If no records are found and additional requests for Social Security records would be futile, notify the appellant in accordiance with 38 C.F.R. 
§ 3.159(e). 

2. Thereafter, readjudicate the issue on appeal. If the benefit sought is not granted, issue a Supplemental Statement of the Case and afford the appellant an appropriate opportunity to respond. The case should then be returned to the Board, if warranted. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).